SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel.: (702) 304-0432
Fax: (702) 922-3851

*Attorneys for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEAN MOSTOFI, an individual,<br><br>Defendant. | Case No.: 11-1160<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Dean Mostofi ("Defendant") on information and belief:

### NATURE OF ACTION

1.  This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

### PARTIES

2.  Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.  Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

1

4. Defendant is, and has been at all times relevant to this lawsuit, identified by the registrar, 1and1 Internet, Inc., as the registrant, administrative contact, and technical contact for the Internet domain found at <deanmostofi.com> (the "Domain"), which contains a variety of real estate industry related advertisements and a solicitation for consultation services. A printout of content accessible through the Domain is attached hereto as **Exhibit 1**

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. As alleged herein, Righthaven is the owner of the copyright in the literary work entitled "Court reprimands lawyer over misleading ads" (the "Work"), attached hereto as **Exhibit 2**, which was originally published by the *Las Vegas Review-Journal*.

7. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

8. The Defendant willfully copied, on an unauthorized basis, the Work from a source emanating from Las Vegas, Nevada.

9. On or about April 20, 2010, the Defendant displayed, and continued to display for a period of thereafter, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as **Exhibit 3**, as part of content accessible through the Domain (the content accessible through the Domain and the Domain itself are collectively referred to herein as the "Website").

10. Defendant modified the infringing version of the Work displayed on the Website to reflect a new title, "Las Vegas Lawyer Reprimanded for False Advertising," and listed himself as author of the Infringement through the designation "by Dean on April 20, 2010." The Infringement was also displayed alongside advertisements contained on the Website.

11. The content of the Work and the Infringement unquestionably relates to this jurisdiction because the subject matter concerns the Nevada Supreme Court reprimanding a Las Vegas, Nevada attorney for false advertising.

12. While Defendant altered the title to include reference to "Las Vegas" and to attribute the unauthorized copy of the Work as being authored by him, he neglected to omit the true reporter's name and affiliation with the *Las Vegas Review-Journal* in the final textual lines of the Infringement. (***Ex. 3 at 2.***)

13. At all times relevant to this lawsuit, the Defendant knew the Work was originally published in the Las Vegas *Review-Journal* and concerned a subject matter uniquely related to the State of Nevada.

14. At all times relevant to this lawsuit, the Defendant knew the Infringement was and is of specific interest to Las Vegas, Nevada residents.

15. Defendant purposefully directed and effectuated the unauthorized reproduction and misleading alteration of the Work on the Website.

16. Defendant purposefully directed and expressly aimed his infringing activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

**VENUE**

17. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

**FACTS**

18. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

19. On January 18, 2010, Stephens Media LLC ("Stephens Media), owner of the *Las Vegas Review-Journal*, and Righthaven entered into a Strategic Alliance Agreement (the "SAA"), which generally governed the relationship between the two parties with regard to the assignment and licensure of copyright protectable content.

20. On May 9, 2011, Stephens Media and Righthaven executed the Clarification and Amendment to Strategic License Agreement (the "Clarification") in order to clarify the parties'

intentions regarding copyright assignments to Righthaven, and to eliminate Stephens Media's right of reversion and convert Stephens Media's right to use an assigned copyright to a mere non-exclusive license. The Clarification is retroactive to the effective date of the SAA. At least since the execution of the Clarification, Righthaven has been the sole current owner of the copyright in and to the Work and has standing to sue Defendant for his blatant infringement of the Work.

21.  On July 7, 2011, Stephens Media and Righthaven entered into an Amended and Restated Strategic Alliance Agreement (the "Restated Amendment") to further clarify the parties' intentions regarding copyright assignments to Righthaven, and to, among other things, grant Stephens non-exclusive license to exploit the Work, with a possibility that such non-exclusive license would terminate after five (5) years upon the voluntary election of an optional reversion. The Restated Amendment is retroactive to the effective date of the SAA. The Restated Amendment has sought to clarify, correct, amend and/or address issues identified in judicial decisions, including a decision dismissing an infringement claim against the Defendant in *Righthaven LLC v. Mostofi,* Case No. 2:10-cv-1066-KJD-GWF (D. Nev. July 13, 2010)(Dawson, J.)("*Mostofi I*"), which have dismissed actions without prejudice for lack of standing.

22.  The dismissal for lack of standing in *Mostofi I* was based exclusively on the contents of the SAA. (Doc. # 34 at 7-8.) The *Mostofi I* decision did not consider Righthaven's standing based on the terms of the Clarification, the Restated Amendment, and the specific assignment for the Work (the "Assignment"). The re-filing of Righthaven's infringement claim against Defendant through this Complaint not only places the Assignment, Clarification and Restated Amendment before the court, but these previous unconsidered materials in *Mostofi I* unquestionably establish Righthaven's standing to seek redress for Defendant's blatant and willful copyright infringement of the Work.

23.  The Work was originally published on April 11, 2010.

24.     On April 20, Defendant posted an unauthorized and misleadingly altered version of the Work, as evidenced by a change in attributed authorship from the true writer to himself, on the Website.

25.     Defendant additionally altered the original title for the Work as it appeared in the *Las Vegas Review-Journal*, but otherwise simply copied the Work's entire content in displaying it on the Website without authorization to do so.

26.     At no time did Defendant seek permission, in any manner, to reproduce, display or otherwise exploit the Work.

27.     Defendant was at not time granted, expressly or impliedly, permission to reproduce, display or otherwise exploit the Work.

28.     After the Infringement, 2010, Stephens Media assigned all rights, title and interest in and to the Work to Righthaven through the Assignment. In addition to conveying full ownership rights in and to the Work, Stephens Media expressly conveyed to Righthaven in the right to seek redress for all past, present and future infringements of the Work through the Assignment.

29.     The alleged Infringement occurred prior to the Assignment. As such, the infringing conduct alleged herein constitutes an accrued or past claim for relief that has been assigned by Stephens Media to Righthaven, along with all rights of ownership, through the Assignment.

30.     In view of the Assignment, the SAA, the Clarification, and now the Restated Amendment, Righthaven unquestionably owns the Work and has been properly conveyed the right to sue for past, present and future infringements of the Work, which includes Defendant's blatant and willful infringing conduct alleged herein.

31.     On June 24, 2010, the United States Copyright Office (the "USCO") granted Righthaven registration for the Work (Copyright Registration Number TX0007157071, the "Registration"), a copy of the Registration from a printout of the official USCO database is

attached hereto as *Exhibit 4*.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

32. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 31 above.

33. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

34. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

35. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

36. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

37. Defendant reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

38. Defendant created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

39. Defendant distributed, and for some unknown time period continued to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

40. Defendant publicly displayed, and for some unknown period of time continued to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

41. Defendant has willfully engaged in the copyright infringement of the Work.

42. Defendant's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

43. Unless the Defendant and those acting in concert with him are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement pursuant to 17 U.S.C. § 502.

### **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendant, and the Defendant's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendant, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendant to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendant's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendant has communicated regarding his use of the Work; and

   c. All financial evidence and documentation relating to the Defendant's use of the Work;

3. Order the surrender to Righthaven of all hardware, software, electronic media and domains, including the Domain, used to store, disseminate and display the unauthorized versions

of any and all copyrighted Works as provided for under 17 U.S.C. § 505(b) and/or as authorized by Federal Rule of Civil Procedure 64;

4.   Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.   Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.   Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.   Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this 13th day of July, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano, Esq.
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel.: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

8